```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                       :
CHERYL FITZGERALD                      :
                                       :
                                       :
v.                                     :   CIV. NO. 3:10CV848 (WWE)
                                       :
CHUBB & SON INC.                       :
                                       :
                                       :
```

RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Cheryl Fitzgerald seeks reconsideration of the May 5, 2011 ruling [Doc. #51] on her Motion to Compel, which sought additional documents from the personnel files of 22 employees who were assessed as part of the RIF process and to refute defendant's justification for the decision to terminate plaintiff's employment. **[Doc. #53]**.

1. Settlement Authority

Plaintiff requests that the Court expand the ruling to require defendant to disclose the settlement authority documents of the comparators from their personnel files. Plaintiff reasons that if "her settlement authority is higher than many of her peers. . . plaintiff could rely on this information to discredit defendant's claims that plaintiff handled lower level files as compared to her peers and that plaintiff was given low scores on her assessment because of her inability to handle higher level cases as compared to her peers." [Doc. #54 at 2].

Defendant contends that plaintiff's premise is flawed. The "RIF assessments were based on the employee's observed ability to

effectively demonstrate the following five (5) competencies: coverage; investigation; negotiation and settlement; case management; and communication and service." [Doc. #61 at 4]. Defendant argues, among other things, that "[s]ettlement authority is not necessarily indicative of what types of files were handled by claim examiners, never mind how well files were handled." [Doc. #61 at 4]. In addition, defendant argues it would be unduly burdensome to assign a Chubb employee to examine 22 personnel files for a "very limited benefit." Id.

It is not clear from defendant's response whether the personnel files contain the settlement authority information for the 2006 and 2007 years. Moreover, the Court agrees with defendant that the request, if granted, would be appropriately limited to the employees assessed for the RIF by Ms. Connors. Accordingly, defendant will report to the Court on the number of employees assessed for the RIF by Ms. Connors and take a random sampling of three (3) personnel files to determine whether the files contain the settlement authority for the 2006 and 2007 years. Defendant will report to the Court by letter within fourteen days. Defendant may request more time on a showing that the search will require more time.

2.  Background and Experience Information

Plaintiff seeks documents contained in the personnel files of the 22 identified employees that reflect information regarding the background and experience of the employees. Plaintiff adds that there are at least three employees who were assessed as part of the RIF (Melinda Alden, Bryan Short, Jeanette Lawson), who began working for defendant in 2008, so there are not 2006 or 2007 evaluations for these employees.[1] Plaintiff states that these three employees scored higher on the assessment than plaintiff. Defendant states that these three individuals were not assessed for the RIF by Ms. Connors, so their qualifications are "wholly irrelevant" to showing that Ms. Connors discriminated against plaintiff.

Defendant objects to the broad request for background and experience information for the 22 employees, arguing that there is no evidence that managers referred to resumes or applications when they assessed claim examiners against the five competencies evaluated in the RIF.

The Court find that plaintiff has not made a showing for this information on reconsideration and denies plaintiff's request without prejudice to renewal if, after deposing the managers, new information supports plaintiff's contention that

---

[1] Melinda Alden had been employed for one month when her RIF assessment was prepared. Bryan Short and Jeanette Lawson began working for defendant in the summer of 2008.

this information was used in the RIF assessments.

    3.   2008 Evaluation

Plaintiff seeks 2008 job evaluations for the 22 assessed, arguing that the 2008 evaluation will reflect how management viewed the individuals assessed as of December 2008. Neither party stated when the 2008 job evaluations were completed. However, there is no dispute that 2008 job evaluations were not used "in any way" to compute the RIF assessment score. Defendant added that the "evaluations were largely self-assessments by the employee, including lists of goals, along with mid-year and year-end comments from the employee's manager." [Doc. #61 at 7].

The Court finds that plaintiff has not made a showing for this information on reconsideration and denies plaintiff's request without prejudice to renewal if, after deposing the managers, new information supports plaintiff's contention that this information was used in the RIF assessments.

    4.   Written Warnings or Disciplinary Memoranda

Finally, plaintiff requests that the court order the disclosure of any warnings or disciplinary memoranda from the comparators' personnel files. Defendant objects on several grounds. First, plaintiff does not claim that she was disciplined unfairly, or at all. Second, plaintiff does not make any specific claim that anyone else in the RIF pool was disciplined. Finally, defendant points out that plaintiff has the

4

2006 and 2007 evaluations and the RIF assessments for the RIF pool and any disciplinary actions relating to the employee's ability to perform their job would be expected to be reflected in these documents.

The Court finds that plaintiff has not made a showing for this information and denies plaintiff's request without prejudice to renewal, if after deposing the managers, new information supports plaintiff's contention that this information was used in the RIF assessments.

CONCLUSION

For the foregoing reasons, plaintiff's Motion for Reconsideration **[Doc. #53]** is **GRANTED.** Upon reconsideration, the Court adheres to the original ruling and order, subject to defendant's providing the Court with the information requested.

Defendant will provide the information by letter to the Court within fourteen (14) days of the filing of this order. D. Conn. L. Civ. R. 37(d).

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the

district judge upon motion timely made.

Entered at Bridgeport this 17th day of June 2011.

__/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE